UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 JUN 23  P 3: 06

. . . P. HACKETT, CLK
. . . STRICT COURT
. . . DISTRICT ALA

| | |
|---|---|
| **Charlie Howard, Jr.,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 2:09CV593 - |
| ) | **Plaintiff Demands Jury Trial** |
| ) | |
| **Prattville Credit Corporation,** a domestic ) | |
| corporation, **1st Franklin Financial Corporation,** ) | |
| a foreign corporation, **Equifax Information** ) | |
| **Services, LLC,** a foreign limited liability company, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Autauga County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Charlie Howard, Jr. (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Autauga County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Prattville Credit Corporation (hereinafter referred to as "Prattville Credit" or "Defendant") is a domestic corporation providing credit to consumers for the purchase of family, personal, or household goods within the State of Alabama. Furthermore, Prattville Credit is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with a consumer.

5. Defendant 1st Franklin Financial Corporation (hereinafter referred to as "1st Franklin" or "Defendant") is a foreign corporation providing credit to consumers for the purchase of family, personal, or household goods within the State of Alabama. Furthermore, 1st

Franklin is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with a consumer.

6. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as contemplated by the FCRA, 15 U.S.C. § 1681a(f), that regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants Prattville Credit & 1st Franklin:

7. Plaintiff incorporates by reference herein paragraphs one (1) through six (6).

8. On August 3, 2007, Plaintiff filed for debt relief under Title 11 of the United States Bankruptcy Code and was discharged on December 5, 2008.[1]

9. Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy. For example:

    a. Prattville Credit reported, and continues to report, to Equifax that Plaintiff has an

---

1 United States Bankruptcy Court for the Middle District of Alabama, Case No.: 07-31120.

outstanding balance with, and remains personally liable to, that Defendant for the amount of $5,052.00, on a pre-petition debt that was discharged. Notwithstanding that this Defendant was properly identified within Schedule F of Plaintiff's bankruptcy petition, it verified this account on May 1, 2009, *i.e.*, approximately six (6) months after Plaintiff's discharge.

    b.    1st Franklin reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, that Defendant for the amount of $5,317.00, on a pre-petition debt that was discharged. Notwithstanding that this Defendant was properly identified within Schedule F of Plaintiff's bankruptcy petition, it verified this account on November 1, 2008, while the automatic stay was in effect.

10.    Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."[2] Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

11.    Notwithstanding that Defendants properly update numerous accounts each month they

---

2 Defendants received notice of both the filing and discharge of Plaintiff's bankruptcy from the Court.

have intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

12. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[3]

13. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

14. Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report

---

3 In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (citing *Irby v. Fashion Bug (In re Irby),* 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

15. Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

   a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[4]

   b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

      (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

      (ii) the information is, in fact, inaccurate."

   c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

      (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

      (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer

---

4 As indicated herein, Defendants have either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

<u>reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

16. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

17. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

18. Defendants' actions were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

19. The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the

future continue to suffer.

**Defendant Equifax:**

20. Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it has published, and continues to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

21. Indisputably, based upon the sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

22. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE
ALL DEFENDANTS
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.***

23. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-two (22).

24. In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

 a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

 b) By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

 c) By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.*, reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

 c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

 d) Invading the privacy of Plaintiff; and

 e) Failing in their duty to prevent foreseeable injury to Plaintiff.

25. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

26. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual,

compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

27. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-six (26).

28. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

29. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

30. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

31. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

32. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## DEFENDANTS PRATTVILLE CREDIT AND 1ST FRANKLIN
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

33. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-two (32).

34. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

35. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFEFNDANTS
## INVASION OF PRIVACY

36. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-five (35).

37. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

38. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

39. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

40. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-nine (39).

41. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

42. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

43. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

44. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANTS PRATTVILLE CREDIT AND 1ST FRANKLIN
## MISREPRESENTATION

45. Plaintiff incorporates by reference herein paragraphs one (1) through forty-four (44).

46. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

47. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

48. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

49. As a proximate consequence of Defendants' misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SEVEN
### ALL DEFENDANTS
### DECLARATORY AND INJUNCTIVE RELIEF

50. Plaintiff incorporates herein by reference paragraphs one (1) through forty-nine (49).

51. A dispute exists as to whether Defendants have violated the FCRA, ADTPA, federal law or state law.

52. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA, ADTPA, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

53. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

54. Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 18th day of June, 2009.

/s/ _____
Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
THE LAW OFFICE OF JAY LEWIS, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:      (334) 263-7733
Facsimile:  (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**PRATTVILLE CREDIT CORPORATION**
*c/o James e. Dickens, Registered Agent*
713 East Main Street
Prattville, Alabama 36067

**1ST FRANKLIN FINANCIAL CORPORATION**
*c/o Charles E. Vercelli, Jr., Registered Agent*
1019 Perry Street
Montgomery, Alabama 36104

**EQUIFAX INFORMATION SERVICES, LLC**
*c/o CSC Lawyers Incorporating Service, Inc.*
150 S. Perry Street
Montgomery, AL 36104